STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-69
\LH- PL- 6/16/0v

FILED & ENTERED
SUPERIOR COURT
JUN 16 2004
PENOBSCOT COUNTY

Michael C. Butera,
Plaintiff

v.

Order (Motion to Dismiss)

Timothy Harvey,
Defendant



JUL 1* 2004

Pending before the court is the defendant's motion to dismiss the plaintiff's complaint. The court has considered the parties' written arguments on the motion. For the reasons noted below, the court grants the motion.

In his complaint, the plaintiff alleges that in April 1998, the defendant owned and managed a residential facility where the plaintiff lived. He further alleges that one Boyd Cook also lived there and that the defendant knew that Cook was violent, dangerous and posed a risk of harm to other residents, including himself. The plaintiff then alleges that Cook stabbed him while they were in a common area within the premises. The plaintiff alleges that the defendant "had a duty to protect the [p]laintiff from foreseeable risks of harm occurring in common areas of the premises, including foreseeable risks associated with third persons residing at the premises."

The defendant has moved to dismiss the complaint on three grounds: first, that the essence of the plaintiff's claim is for assault and battery, and is therefore barred by 14 M.R.S.A. § 753; that as a matter of law, the defendant does not owe the plaintiff a duty of care with respect to dangers posed by other residents; and that the plaintiff has failed to join an indispensable party because Cook is not a party-defendant.

The defendant filed his motion on May 11, 2004. Pursuant to M.R.Civ.P. 7(c)(2), in order to preserve any objection to the motion, the plaintiff was required to file his objection within 21 days of that filing date. That deadline was June 1. The plaintiff filed

1

his opposition on June 3, two days late.[1] The motion was not accompanied by a motion to enlarge the deadline or by any other explanation for its late filing. Therefore, because the plaintiff did not file a proper and timely objection to the plaintiff's motion, he has waived any opposition to that motion. *See* M.R.Civ.P. 7(c)(3).

Even if the court were to reach the merits of the defendant's motion, the substance of the plaintiff's objection is insufficient to defeat it. As is noted above, the defendant makes two distinct arguments why the complaint fails to state a claim on which relief could be granted. (These are in addition to the defendant's contention that the plaintiff has not joined a necessary party.) First, the defendant argues that the claim is barred by the applicable period of limitations. In his opposition, the plaintiff squarely responds to this argument. However, the defendant also makes the separate argument that the defendant did not owe the plaintiff a duty of care to take reasonable steps to protect him from other residents whom the defendant knew was violent. This argument is set out in a footnote but in a way that clearly develops the issue. Notwithstanding the defendant's articulation of this argument, the plaintiff does not address it or respond in a meaningful way: the plaintiff makes no argument based on policy or authority why the defendant's position is flawed. In the absence of any such argument, the plaintiff has not objected to this dispositive aspect of the defendant's motion.

The entry shall be:

For the foregoing reasons, the defendant's motion is granted, and the complaint is dismissed for failure to state a claim on which relief can be granted. The defendant is awarded his costs of court.

Dated: June 15, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

---

[1] M.R.Civ.P. 6(c), which is sometimes invoked in circumstances of late filings to add an extra three days to the deadline, is inapplicable here because that extension applies when the filing deadline is calculated from service or notice, rather than the date of filing. The latter applies here.

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2004-00069

DOCKET  RECORD

MICHAEL C BUTERA   - PLAINTIFF
2 UNION ST APT 3
BREWER ME  04412
Attorney for: MICHAEL C BUTERA
MARGARET SHALHOOB
MARGARET P. SHALHOOB
28 WILLIAMS STREET
BANGOR ME  04401


vs
TIMOTHY HARVEY   - DEFENDANT
216 HAMMOND STREET
BANGOR ME  04401
Attorney for: TIMOTHY HARVEY
H PETER DEL BIANCO
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME  04112-5215


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 04/09/2004

## Docket  Events:

04/09/2004 FILING DOCUMENT - COMPLAINT FILED ON 04/09/2004

04/09/2004 Party(s):  MICHAEL C BUTERA
           ATTORNEY - RETAINED ENTERED ON 04/09/2004
           Plaintiff's Attorney: MARGARET SHALHOOB

04/09/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/09/2004
           TO PLAINTIFF'S ATTORNEY.

04/14/2004 Party(s):  TIMOTHY HARVEY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/14/2004
           BY PLAINTIFF (ATTACHMENTS ATTACHED)

04/14/2004 Party(s):  TIMOTHY HARVEY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/09/2004
           OFFICER'S RETURN OF SERVICE AS TO DEFENDANT.

05/07/2004 ORDER - SCHEDULING ORDER ENTERED ON 05/07/2004
           JEFFREY L HJELM , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL  (ADR PROCESS)

05/07/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 02/01/2005

05/07/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 05/07/2004
           JEFFREY L HJELM , JUSTICE

05/11/2004 Party(s):  TIMOTHY HARVEY
           MOTION - MOTION TO DISMISS FILED ON 05/11/2004
           DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW WITH PROPOSED